UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTINE H., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00751-TAB-JRS |
| ) | |
| KILOLO KIJAKAZI Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

**I.   Introduction**

Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, moves to dismiss Plaintiff Christine H.'s complaint seeking judicial review of the final decision of the SSA as untimely.  [Filing No. 12.]  Plaintiff opposes the Commissioner's motion, claiming it cherry picks language from the Social Security Act to create "a novel and fictitious notice standard" based on the date the Administrative Law Judge issues a decision, rather than the date the plaintiff receives it.  [Filing No. 26, at ECF p. 2.]  While the SSA rules vary for calculating filing deadlines in different scenarios, case law and the regulations indicate that for the procedural posture here—where an ALJ's decision is issued after prior court remand—the ALJ's decision becomes final 60 days after the date issued if no written exceptions are filed and the Appeals Council does not assume jurisdiction of the case on its own.  Any civil action must be filed within 60 days of that date.  Plaintiff filed her complaint past the deadline.  Accordingly, for reasons explained further below, the Commissioner's motion to dismiss is granted.  [Filing No. 12.]

1

**II.     Background**

This case appeared before an Administrative Law Judge on remand from the Appeals Council pursuant to a remand from the United States District Court for the Southern District of Indiana.  [Filing No. 12-2, at ECF p. 8.]  On December 21, 2022, the ALJ issued a decision finding that Plaintiff was not disabled from her alleged disability onset date through the ALJ's December 21, 2022, decision.  [Filing No. 12-2. At ECF p. 22.]  Plaintiff did not file any written exceptions with the Appeals Council, and the Appeals Council did not decide to review the case on its own.

On May 2, 2023, Plaintiff filed her complaint with this Court for review of the ALJ's decision.  [Filing No. 1.]  That same day, Plaintiff's counsel separately submitted a request to the Appeals Council for an extension of time to file her civil action due to inadvertent clerical errors and delays by the U.S. Postal Service.  [Filing No. 12-2, at ECF p. 34.]  The Appeals Council denied that request, finding that clerical errors do not provide good cause and that the lack of supporting documents regarding postal service delays failed to provide good cause.  [Filing No. 12-2, at ECF p. 35.]  On May 16, 2023, Plaintiff submitted a second request to the Appeals Council for an extension of time to commence her civil action.  [Filing No. 12-2, at ECF p. 38.]  The Appeals Council again denied her request, explaining that there is no good cause provision under the SSA's rules to extend the time to file a civil action on a final decision that was previously remanded by the court if the request for an extension of time was not filed timely.[1]

---

[1] The Appeals Council also acknowledged that its prior notice inadvertently referred to a need for documents to support Plaintiff's allegation of postal delays, but there is no good cause provision in the SSA rules to extend the time to file a civil action previously remanded by the Court if the claimant's request for extension was not filed timely.  [Filing No. 12-2, at ECF p. 44.]

[Filing No. 12-2, at ECF p. 44.]  The Commissioner moved to dismiss this case as untimely, and Plaintiff objects.

### III.     Discussion

The Commissioner contends that this Court should dismiss Plaintiff's case because Plaintiff failed to meet the 60-day deadline to file her civil action in federal court after the ALJ's decision (following remand) became final.  [Filing No. 12-1, at ECF p. 4.]  The Commissioner reiterates—and Plaintiff does not dispute—that the ALJ's decision was dated December 21, 2022.  As noted above, Plaintiff did not file any written exceptions with the Appeals Council, and the Appeals Council did not assume jurisdiction to review the case on its own.  Thus, the Commissioner argues that the ALJ's decision became final 60 days later, on February 20, 2023, and the rules required Plaintiff to file a civil action within 60 days thereafter—by April 21, 2023.  Plaintiff did not file her complaint until May 2, 2023, 11 days after this deadline.  [Filing No. 1.]

Plaintiff disputes the controlling date for calculating the filing deadline.  Plaintiff argues that the start date should be January 4, 2023—the date she *received* the denial of disability by mail, not December 21, 2022, the date on the decision.  [Filing No. 16, at ECF p. 1.]  Thus, Plaintiff argues that she timely filed her May 2, 2023, complaint within 120 days of that date.  In support, Plaintiff points to the language in 42 U.S.C. § 405(b)(1), which provides that any request for a hearing on the ALJ's initial decision "must be filed within sixty days after notice of such decision is **received** by the individual making such request."  (Emphasis added).  However, that is not the applicable statute for the procedural posture at issue in the present case.  Plaintiff is not requesting a hearing, and this is not an initial application for disability benefits.  Rather, Plaintiff filed this federal case following a remand.

3

Plaintiff claims that the Commissioner provided no documentation as to when Plaintiff received the denial of disability or when the denial was entered onto the SSA's electronic docketing system. [Filing No. 16, at ECF p. 2.] However, this is not the proper standard. First, no relevant limitations period outlined in the SSA regulations is governed by the electronic file. Moreover, the SSA regulations set forth slightly different rules depending on the procedural posture of the case. For instance, in the scenario where the Appeals Council denies a party's request for review, a claimant may file an action in a federal district court within 60 days after the date the claimant receives notice of the Appeals Council's action. *See* 20 C.F.R. § 404.981. *Compare Cook v. Saul*, No. 1:19-cv-4147-RLY-MG, 2021 WL 1781852, at *1 (S.D. Ind. May 5, 2021) (order adopted report and recommendation noting SSA rules required a challenge to be filed within 65 days, and claimant filed federal suit too late following Appeals Council's denial of the claimant's request to review the initial ALJ's unfavorable decision).

Section 205(g) of the Social Security Act provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of notice of such decision** or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). However, this case does not involve a request to review an initial unfavorable decision. Rather, Plaintiff's case is situated in the scenario following a remand from the Appeals Council on remand from this Court where the claimant does not file any written exceptions and the Appeals Council chooses to not take any further action. The jurisdictional rules and deadlines for filing a federal action following remand are set forth in 20 C.F.R. § 404.984. For decisions issued after prior court remand, the ALJ's decision becomes final 60 days after its issued unless the claimant submits written exceptions to the Appeals

Council within 30 days of receipt of the ALJ's decision or the Appeals Council assumes jurisdiction on its own within 60 days of the date of the decision. *See* 20 C.F.R. § 404.984(a)-(d). Plaintiff did not submit any written exceptions in this case, and the Appeals Council did not assume jurisdiction on its own.

On remand, the Appeals Council has no obligation to mail any notice to the individual claimant if it decides not to assume jurisdiction over the claimant's case. *See, e.g., Walker-Butler v. Berryhill*, 857 F.3d 1, 3 (1st Cir. 2017) ("While the ALJ must mail a notice of its new decision on remand to the individual, the Appeals Council, which has no obligation to act, need not mail a notice to the individual when it decides not to assume jurisdiction over the case[.] In other words, in the situation where the ALJ's decision automatically turns into the final decision of the Commissioner after sixty days, no new notice is mailed to the individual informing him or her of that transformation." (Internal citations omitted)). *See also Mark E. L. v. Kijakazi*, No. 22-cv-241-SH, 2023 WL 4108198, at *2 (N.D. Okla. June 21, 2023) ("If exceptions are not filed, and the Appeals Council does not assume jurisdiction on its own, then the ALJ decision becomes the final decision of the Commissioner after remand. . . . Plaintiff's deadline to file this suit was 60 days from the date the decision became final." (Internal citations, quotation marks, and emphasis omitted)). Thus, for ALJ decisions like the one at issue here following a court remand, where the Appeals Council does not assume jurisdiction, the limitations period for filing a complaint is based on the date of the ALJ's decision.[2]

---

[2] The First Circuit also held that the five-day grace period outlined in 20 C.F.R. § 422.210 does not apply to final decisions on remand where the individual does not file any written exceptions to the ALJ's decision and the Appeals Council does not assume jurisdiction of the case. *Walker-Butler*, 857 F.3d at 5.

The notice of decision sent to Plaintiff stated that if no exceptions are filed and the Appeals Council does not review the decision *sua sponte*, then the "decision will become final on the 61st day following the date of this notice." [Filing No. 12-2, at ECF p. 6.] The notice then reiterated that after the "decision becomes final, you will have 60 days to file a civil action in Federal District Court. You will lose the right to a court review if you do not file a civil action during the 60-day period starting with the day my decision becomes final." [Filing No. 12-2, at ECF p. 6.] Plaintiff failed to meet the 60-day deadline to file her civil action in federal court and has alleged no circumstances excusing her untimely complaint. Plaintiff was mistaken in her belief that the date she received notice of the decision controlled her time limitation, and mistake does not excuse an untimely filing. Because the undisputed facts demonstrate Plaintiff did not timely file her complaint, the Commissioner's motion to dismiss is granted. [Filing No. 12.]

**IV.     Conclusion**

For these reasons, Defendant's motion to dismiss is granted. [Filing No. 12.]

Date: 11/9/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email